ALFRED T. WHITE and Another, Appellants, *v.* DAVID A. BOODY, Mayor, etc., and Others, Respondents.

*New York Constitution, art.* 8, § 11 — *the Legislature has power to authorize the payment of municipal funds to an inebriate home* — 1877, *chap.* 169.

Payments of excise moneys by the city of Brooklyn to the Inebriates' Home for Kings County, are payments for city purposes, and do not violate the provisions of article 8, section 11 of the Constitution, as amended in 1874.

Where a city is entitled to put destitute persons in the care of a corporation the Legislature has the power to authorize the city to provide for the burden thus cast upon the corporation.

The claim that chapter 843 of the Laws of 1867 was merged in chapter 687 of the Laws of 1872, and that chapter 687 of the Laws of 1872 was practically repealed by chapter 627 of the Laws of 1875, and that chapter 169 of the Laws of 1877 by amending chapter 687 of the Laws of 1872 had no force because chapter 687 of the Laws of 1872 was without force, is not supported by authority.

APPEAL by the plaintiffs, Alfred T. White and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of August, 1893, denying the plaintiffs' motion for a temporary injunction.

This action was brought by residents and electors of the city of Brooklyn for the purposes of perpetually enjoining and restraining the defendants, officials of the city of Brooklyn, from paying to the treasurer of the Inebriates' Home for Kings County any percentage of the moneys received by the comptroller of the city of Brooklyn from the excise commissioners of such city; of adjudging chapter 169 of the Laws of 1877 to be unconstitutional, null and void; and

of compelling the Inebriates' Home of Kings County to account and pay over to the treasurer of the city of Brooklyn all moneys received by it since the 20th day of April, 1877, under the supposed authority of chapter 169 of the Laws of 1877.

*R. Burnham Moffat,* for the appellant.

*Almet F. Jenks, Corporation Counsel,* for the defendants, the city officials (respondents).

*James C. Church,* for the Inebriates' Home, respondent.

BARNARD, P. J.:

The Inebriates' Home for Kings County was incorporated by chapter 843, Laws of 1867. By the terms of this act twelve per cent·of the moneys received for licenses granted in Kings county, with certain deductions therefrom not material to the question presented, were to be paid to the Inebriates' Home. The county of Kings was then a portion of what was known as the metropolitan police district. The entire amount of the fines received for violations of the excise law in Kings county were to be paid to the home also. The act was an extremely beneficial one, and was, by its terms, of a public character. The trustees could require persons who were held in the Kings county jail and penitentiary to be transferred to the home, and magistrates were required to commit persons convicted of intoxication, or as habitual drunkards, for a period not exceeding six months, and such persons were to be discharged — one class in ten days and the other in thirty days — unless transferred to the home. The excise money received by the home was to be applied for the purposes of the home, "and for no other purpose." The act provided for the creation of branches of industry, and that the inebriates should receive compensation for their services. By chapter 687 of the Laws of 1872 the Legislature passed an act providing for the means of support of the home directly out of excise money of Kings county and the city of Brooklyn, as the metropolitan police district has ceased to exist. This act increased the obligation of the home, and made it, in a still larger sense, a public institution. By chapter 627 of the Laws of 1875 the Legislature passed an act amending the act of 1872. The act created new incorporations by the 1st and 2d sections, and then proceeded to amend section 1 of

the act of 1872 " so as to read as follows." Section 1 then provided that the excise money of Brooklyn city, not exceeding twelve per cent, should be paid to the home. Section 2 of the act of 1872 was repealed. Other parts of the act of 1872 were silently omitted, and additional powers were given still increasing the charter of the home as a public institution for inebriate paupers. By chapter 169 of the Laws of 1877 the Legislature again amended the charter of the defendant by amending section 1 of the Laws of 1872 " so as to read as follows." By this section fifteen per cent of the city excise money, and also excise money from the outlying towns of Kings county, was to be paid over to the Inebriates' Home.

The complaint in this case is based upon this legal position : The act amending the 1st section of the act of 1867, " so as to read as follows," by the act of 1875, and the act of 1877 again amending that section " so as to read as follows," rendered the payments required to be made to the Inebriates' Home invalid. The act of 1867 was merged in the act of 1872, and the law of 1872 was practically repealed by the law of 1875, and the act of 1877, by amending the act of 1872, had no force because the act of 1872 was dead. The case of *People* v. *Wilmerding* (136 N. Y. 368) is no authority for this view. The law of 1872 was never repealed in terms. One of its sections was amended and again amended to conform to the legislative intent, and there is a clear legislative intent to re-enact the law of 1872 so far as it was re-enacted by the Laws of 1877. The payments of the excise moneys to the home do not violate article 8, section 11 of the Constitution, as amended in 1874. The payments are for city purposes, and are directly within the exception in that article which asserts that the city may make such provisions for its poor as may be provided by law. In the case of *The Shepherd's Fold* v. *The Mayor* (96 N. Y. 137) the Court of Appeals says that where the city was entitled to put destitute persons in the care of a corporation, the Legislature has the power to authorize the city to provide for the burden cast upon the corporation notwithstanding the constitutional provision in question. The defendant assumes a burden in respect to a class of persons who are charges upon the taxpayers of the city of Brooklyn, and the passing of the law in question, which reimburses the expenditures made on account of this

unfortunate class and provides for its support, is perfectly legal as an act of the Legislature, and is within the constitutional power of the Legislature.

The order should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order denying plaintiff's application for an injunction affirmed, with costs and disbursements.